# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORTHEASTERN PENNSYLVANIA FREETHOUGHT SOCIETY, | : : : : | CIVIL ACTION - LAW |
| Plaintiff | : : | JURY TRIAL DEMANDED |
| | : : | ELECTRONICALLY FILED |
| vs. | : : | |
| COUNTY OF LACKAWANNA TRANSIT SYSTEM | : : : | 3:15-CV-00833 |
| Defendant | : | |

## ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

1. Denied. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied and strict proof thereof is demanded at the time of trial.

2. Denied. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied and strict proof thereof is demanded at the time of trial.

## PARTIES

3. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this

paragraph and they are therefore denied and strict proof thereof is demanded at the time of trial.

4. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and they are therefore denied and strict proof thereof is demanded at the time of trial.

5. Admitted.

## JURISDICTION AND VENUE

6. Denied. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied and strict proof thereof is demanded at the time of trial.

7. Denied. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied and strict proof thereof is demanded at the time of trial.

## FACTUAL BACKGROUND

8. Denied as stated. By way of further response, Colts admits that it has leased advertising space on its vehicles and other property.

9. Admitted.

10. Denied.

11. Admitted.

12. Admitted. By way of further response, the Advertisement was appropriately rejected based upon Colts policy.

13. Denied as stated. The Colts policy is a document which speaks for itself. Plaintiff's attempt to paraphrase the policy is denied.

14. Denied. It is admitted that the solicitor made a statement to a reporter. That statement speaks for itself. By way of further response, the Plaintiff's attempt to paraphrase that statement is denied.

15. Denied. It is admitted that the solicitor made a statement to a reporter. That statement speaks for itself. By way of further response, the Plaintiff's attempt to paraphrase that statement is denied.

16. Admitted in part, denied in part. It is admitted that the policy was consistently applied. Furthermore, it is admitted that advertisements from Brewer's Outlet and the Old Forge Times were accepted. It is denied that either advertisement violated COLTs policy. It is denied that advertisements were accepted from any of the other groups named in this paragraph.

17. It is admitted that a Colts bus displayed the message God Bless America. By way of further response, that was displayed without the permission of Colts. The message was taken down and the driver was disciplined for the incident.

18. Denied.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Denied.

24. Denied.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the same are denied and strict proof thereof is demanded at the time of trial.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Denied.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the same are denied and strict proof thereof is demanded at the time of trial.

31. Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this

paragraph and they are therefore denied and strict proof thereof is demanded at the time of trial.

32. Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and they are therefore denied and strict proof thereof is demanded at the time of trial.

**COUNT I – VIOLATION OF FIRST AND FOURTEENTH AMENDMENTS**

33. Answering Defendant incorporates by reference the responses contained in Paragraphs 1 through 32 of this Answer as if set forth fully herein.

34. Denied.  The allegations contained in this paragraph are legal conclusions to which no response is required.

35. Denied. The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the same are denied and strict proof thereof is demanded at the time of trial.

36. Denied.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the same are denied and strict proof thereof is demanded at the time of trial.

37. Denied.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed

necessary, the same are denied and strict proof thereof is demanded at the time of trial.

38. Denied. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed necessary, COLTS did maintain a nonpublic forum and its restrictions were reasonable and viewpoint neutral.

39. Denied.

40. Denied. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied and strict proof thereof is demanded at the time of trial.

41. Denied. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied and strict proof thereof is demanded at the time of trial.

42. Denied. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed necessary, the same are denied and strict proof thereof is demanded at the time of trial.

WHEREFORE, the Defendant respectfully requests judgment in their favor together with costs of suit. Furthermore, Defendant denies that Plaintiff is entitled to any of the relief requested.

### AFFIRMATIVE DEFENSES

43. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

44. Plaintiff is not entitled to any of the relief sought herein.

45. To the extent Plaintiff's claim was not filed within the applicable statute of limitations, it acts as a complete and/or partial bar to Plaintiff's claim.

46. Colts advertising spaces are a nonpublic forum.

47. Colts' restrictions on advertisements are viewpoint neutral and reasonable.

48. The Defendant is immune from suit.

MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN

By:_____
William J. McPartland, Esquire
Attorney I.D. No: PA 94214
P.O. Box 3118
Scranton, PA 18505-3118
(570) 496-4600

## **CERTIFICATE OF SERVICE**

I, William J. McPartland, Esquire, do hereby certify that a true and correct copy of the foregoing Answer to Plaintiff's Complaint was served upon all parties by electronic mail on the 8th day of February 2014 at the following addresses:

Mary Catherine Roper, Esquire
Molly Tack-Hooper, Esquire
American Civil Liberties Union of Pennsylvania
P.O. Box 60173
Philadelphia, PA  19102

Ben Wanger, Esquire
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA  19103-7286

        MARSHALL  DENNEHEY
        WARNER COLEMAN & GOGGIN

By:_____
    William J. McPartland, Esquire
    Attorney I.D. No:  PA 94214
    P.O. Box 3118
    Scranton, PA  18505-3118
    (570) 496-4600

LEGAL/103634273.v1