# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORTHEASTERN PENNSYLVANIA FREETHOUGHT SOCIETY, | : : : | CIVIL ACTION - LAW |
| Plaintiff | : : | |
| vs. | : : | ELECTRONICALLY FILED |
| COUNTY OF LACKAWANNA TRANSIT SYSTEM | : : : | 3:15-CV-00833 |
| Defendant | : : | |

**DEFENDANT'S REPLY BRIEF IN RESPONSE TO PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Defendant files this Reply Brief in response to the arguments set forth by Plaintiff. Having briefed the issues in the matter extensively, Defendant will only address those matters not covered in its Post Trial Brief. The failure to respond to any argument by Plaintiff herein is not an indication that it agrees with Plaintiff's argument or concedes any of the points raised therein.

A.  **COLTS is not censoring to avoid debate**

In NAACP v. Philadelphia, 2016 U.S. App. LEXIS 15431, 21-22 (3d Cir. 2016), the Court discussed the burden for establishing the reasonableness of restrictions on speech and provided the following:

> As Justice O'Connor explained, although the government does not need to prove that a particular use will actually disrupt the "intended function" of its property, Id. at 691

1

> (quoting <u>Perry</u>, 460 U.S. at 52 n.12) (internal quotation marks omitted), "we have required some explanation as to why certain speech is inconsistent with the intended use of the forum," id. at 691-92. The opinion goes on to hold that the leafleting ban was unreasonable because "the Port Authority has provided no . . . reason for prohibiting leafleting, and the record contains no information from which we can draw an inference that would support its ban." <u>Id</u>. at 692.
>
> To synthesize, then, the City has a two-step burden that it can satisfy using record evidence or commonsense inferences. First, given that reasonableness "must be assessed in the light of the purpose of the forum and all the surrounding circumstances," <u>Cornelius</u>, 473 U.S. at 809, the evidence or commonsense inferences must allow us to grasp the purpose to which the City has devoted the forum. *See also* <u>Greer v. Spock</u>, 424 U.S. 828, 836, 96 S. Ct. 1211, 47 L. Ed. 2d 505 (1976) ("The State, no less than a private owner of property, has power to preserve the property under its control for the use to which it is lawfully dedicated.") (internal quotation marks omitted). And second, the evidence or commonsense inferences also must provide a way of tying the limitation on speech to the forum's purpose. The City need not prove that the banned speech would cause harm if permitted, but per ISKCON it must provide a legitimate explanation for the restriction. In this context, we proceed to analyze the City's ban on non-commercial content.

The testimony in this matter establishes that COLTS was concerned about the potential for a dangerous situation on their buses. Although COLTS does not have to prove the harm would occur, the testimony in this matter establishes a commonsense inference that it will. The potential for this situation is also evidenced by Plaintiff's own testimony. He admitted that the purpose of the advertisement was to start a

2

debate on the issue. He also admitted that the issue caused debate in other forums. COLTS clear intent was to avoid having their buses become a place for debate, not because it wants to stop debate, but because it wants their riders can enjoy a safe, comfortable and reliable public transportation. "The government does not have 'to grant access to all who wish to exercise their right to free speech on every type of [government] property without regard to the nature of the property or to the disruption that might be caused by the speaker's activities.'" Pittsburgh League of Young Voters Educ. Fund v. Port Authority of Allegheny County, 653 F.3d 290, 295 (3d Cir. 2011) (quoting Cornelius v. NAACP Legal Defense & Educ. Fund, Inc., 473 U.S. 788, 799-800, 105 S.Ct. 3439, 87 L. Ed. 2d 567 (1985)).

**B.     There is no evidence of viewpoint discrimination**

    In Child Evangelism Fellowship, 386 F.3d 514 (3d Cir. 2004), the Court held:

> Cases such as Lamb's Chapel, Rosenberger, and Good News Club establish that if government permits the discussion of a topic from a secular perspective, it may not shut out speech that discusses the same topic from a religious perspective. In Lamb's Chapel, a school district was held to have violated the right of free speech by permitting "school property to be used for the presentation of all views about family issues and child rearing except those dealing with the subject matter from a religious standpoint." Lamb's Chapel, 508 U.S. at 393. In Rosenberger, a free speech violation occurred because the university refused to support a student publication called Wide Awake "on the ground that the contents of Wide Awake reveal an avowed religious perspective." Rosenberger, 515 U.S. at 832.

3

COLTS has not permitted any discussion on the topic of the existence or non-existence of god. No advertisements have ever been run which discuss the issue. As such, the policy is viewpoint neutral. Similarly, Plaintiff's argument about prohibiting controversial speech also does not apply because the COLTS policy does not prohibit a particular group, but all groups from advertising regarding the existence or non-existence of god. *See* Student Coalition for Peace v. Lower Merion School Dist. Bd. of School Directors, 776 F.2d 431, 437 (3d Cir. 1985) ("The desire to avoid potentially disruptive political controversy and to maintain the appearance of neutrality is sufficient justification for excluding speakers from a nonpublic forum." (internal quotation omitted)); Ridley v. Mass. Bay Transit Auth., 390 F.3d 65 91 (1st Cir. 2004)(policy restricting demeaning speech disfavors some kinds of content, but does not give preference to any viewpoint).

**C.     The policy is not unconstitutionally vague**

The mere fact that a regulation requires interpretation does not make it vague. McConnell v. FEC, 540 U.S. 93, n.64, 157 L. Ed. 2d 491, 124 S. Ct. 619 (2003); Rose v. Locke, 423 U.S. 48, 49-50, 46 L. Ed. 2d 185, 96 S. Ct. 243 (1975); Children of the Rosary v. City of Phoenix, 154 F.3d 972, 983 (9th Cir. 1998) (relaxing the vagueness standard in the context of a city transportation system's advertising policy because "this claim is unlike the usual vagueness challenge involving a fine or other sanction that has the potential to chill conduct."). Excessive discretion and vagueness

inquiries under the First Amendment are not static inquiries, impervious to context. See Reno v. ACLU, 521 U.S. 844, 871-72, 138 L. Ed. 2d 874, 117 S. Ct. 2329 (1997) (the vagueness inquiry is most rigorous in a criminal context, where there is a high risk speech will be chilled); Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 498, 71 L. Ed. 2d 362, 102 S. Ct. 1186 (1982)("The degree of vagueness that the Constitution tolerates--as well as the relative importance of fair notice and fair enforcement--depends in part on the nature of the enactment.").

    A grant of discretion to exercise judgment in a non-public forum must be upheld so long as it is "reasonable in light of the characteristic nature and function" of that forum. Griffin v. Sec'y of Veterans Affairs, 288 F.3d 1309, 1323 (Fed. Cir. 2002). "Selectivity" and "discretionary access" are defining characteristics of non-public fora, which unlike public fora are not intended to be open to all speech. Id. at 1323. As such, the Defendant requests that the Court enter a Judgment in their favor.

                                      MARSHALL DENNEHEY
                                      WARNER COLEMAN & GOGGIN

By:_____
       William J. McPartland, Esquire
       Attorney I.D. No: PA 94214
       P.O. Box 3118
       Scranton, PA 18505-3118
       (570) 496-4600

## **CERTIFICATE OF SERVICE**

 I, William J. McPartland, Esquire, do hereby certify that a true and correct copy of Defendant's Reply Brief was served upon all parties by ECF on the 19th day of January, 2018 at the following addresses:

Mary Catherine Roper, Esquire
Molly Tack-Hooper, Esquire
American Civil Liberties Union of Pennsylvania
P.O. Box 60173
Philadelphia, PA  19102


Ben Wanger, Esquire
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA  19103-7286

         MARSHALL  DENNEHEY
         WARNER COLEMAN & GOGGIN

By:_____
         William J. McPartland, Esquire
         Attorney I.D. No:  PA 94214
         P.O. Box 3118
         Scranton, PA  18505-3118
         (570) 496-4600